11/21/2070 15:23   4089384182   RUBEN MUNOZ ESQ   PAGE 02/02

OCT-29-2007 14:45   US  Y SF   FILED   P.03

07 NOV 30 PM 4:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

USA-15S Consent to Transfer of Case for Plea and Sentence (Under Rule 20)

In the United States District Court

BY: _____ DEPUTY

for the _____ SOUTHERN DISTRICT OF CALIFORNIA

FILED

UNITED STATES OF AMERICA
v.
DAVID CHARLES BAILEY, a/k/a Dung

CRIMINAL NUMBER: 07 CR 2658 DMS

CR07-0779 CW

DEC - 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

VIA FACSIMILE

Consent to Transfer of Case for Plea
and Sentence
(Under Rule 20)

I, David Charles Bailey, defendant, have been informed that an *Indictment* is pending against me in the above designated cause. I wish to plead guilty to the offense charged, to consent to the disposition of the case in the Northern District of California in which I, am under arrest, (am under arrest, am held) and to waive trial in the above captioned District.

Dated: 11/17/ 20 07 at 12:15 pm

_____
(Defendant)

_____
(Witness)

_____
(Counsel for Defendant)

_____
(Assistant United States Attorney)

Approved

_____ 11/23/07
United States Attorney for the
Northern _____ District of
California

_____ MICHAEL E. KAPLAN
Asst. United States Attorney for the
Southern _____ District of
California



I hereby attest and certify on 12-3-07
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy

07 SEP 25 PM 3:59

~~SECRET~~

Unsealed 09-27-07

CR07-0779 CW

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury    07 CR 2658 DMS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. _____ |
| Plaintiff, | **I N D I C T M E N T** |
| v. | Title 21, U.S.C., Secs. 841(a)(1) and 846 - Conspiracy to Distribute Ecstasy; Title 21, U.S.C., Sec. 841(a)(1) - Distribution of Ecstasy; Title 21, U.S.C., Sec. 841(a)(1) - Possession of Ecstasy with Intent to Distribute; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |
| CHI THIEN BUI (1), DAVID CHARLES BAILEY (2), aka Dung, LINH PHUC NGUYEN (3), HAI VIET TRINH (4), aka Johnny, TAN LUAT LE (5), | |
| Defendants. | |

The grand jury charges:

Count 1

(Conspiracy To Distribute MDMA)

Beginning on or about a date unknown, and continuing up to and including May 24, 2006, within the Southern District of California, and elsewhere, defendants CHI THIEN BUI, DAVID CHARLES BAILEY, aka Dung, LINH PHUC NGUYEN, HAI VIET TRINH, aka Johnny, and TAN LUAT LE, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury to distribute 3, 4 methylenedioxymethamphetamine (MDMA), commonly

MKF:nlv(jla):San Diego
9/25/07

known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

1. On or about February 17, 2005, defendant HAI VIET TRINH obtained a 4-pill sample of ecstasy from defendant CHI THIEN BUI and subsequently provided the 4-pill sample to a Cooperating Source (CS).

2. On or about February 27, 2005, in a telephone conversation at approximately 11:30 a.m., defendant TRINH negotiated to sell the CS 1,000 ecstasy pills the following day at the Phuong Trang restaurant in San Diego, California.

3. On or about February 28, 2005, at approximately 6:30 p.m., in the parking lot at 4170 Convoy Street, San Diego, California, defendant TRINH provided the CS with approximately 1,000 ecstasy pills bearing a "club" logo in exchange for $6,000 in U.S. currency.

4. On or about March 23, 2005, at approximately 12:15 p.m., in a telephone conversation, defendant BUI asked the CS to call defendant HAI VIET TRINH regarding the CS' desire to obtain ecstasy.

5. On or about March 23, 2005, at approximately 12:30 p.m., in a telephone conversation, defendant TRINH informed the CS that he had 600 ecstasy pills to sell at a price of $5.80 per pill.

//

6. On or about March 23, 2005, at approximately 3:45 p.m., defendant TRINH met with the CS in the Discount Tire parking lot on Convoy Street in San Diego, California, and provided the CS with approximately 600 yellow ecstasy pills bearing a "bird" logo in exchange for $3,480 in U.S. currency.

7. On or about April 13, 2005, defendant TRINH met the CS in the parking lot of Discount Tire on Convoy Street in San Diego, California, and delivered 1,000 ecstasy pills to the CS in return for $5800 in U.S. currency.

8. On or about May 13, 2005, the CS met with defendant BUI at the Lucky Lady Casino located in San Diego, California, and after asking the CS how much "Johnny," aka defendant TRINH, was charging for ecstasy, defendant BUI stated that if the CS purchased 2,000 pills, the price would be $5.25 per pill.

9. On or about May 23, 2005, in the parking lot of Discount Tire on Convoy Street in San Diego, California, defendant BUI provided the CS with 1,000 blue ecstasy pills bearing a "dancing man" logo and 1,000 ecstasy pills bearing a "flower" logo, after which the CS provided defendant BUI with $10,500 in U.S. currency.

10. On or about June 28, 2005, at approximately 12:00 p.m., in a telephone conversation, defendant BUI agreed to sell the CS approximately 1,000 ecstasy pills.

//
//
//

11. On or about June 29, 2005, in the parking lot of Discount Tire in San Diego, California, defendant BUI provided the CS with approximately 1,000 ecstasy pills in exchange for $5,250 in U.S. currency.

12. On or about September 19, 2005, prior to 3:00 p.m., in a telephone conversation, defendant BUI discussed the type of ecstasy pills that he may be able to provide to the CS.

13. On or about September 19, 2005, defendant BUI sent a text message to the CS indicating that he could provide the CS with ecstasy pills containing red "thumbs up" logos and yellow "mouse" logos.

14. On or about September 20, 2005, in the parking lot of Discount Tire, located on Convoy Street, San Diego, California, defendant BUI provided the CS with a plastic bag containing approximately 1,000 yellow ecstasy pills and 1,000 pink ecstasy pills in exchange for $10,500 in U.S. currency.

15. On or about October 10, 2005, at approximately 12:30 p.m., in a telephone conversation, defendant BUI discussed selling the CS approximately 1,000 ecstasy pills.

16. On or about October 11, 2005, defendant BUI met the CS in the parking lot of Bennigan's restaurant, located in Mission Valley, San Diego, California, and handed the CS a shoebox containing approximately 1,000 red ecstasy pills in exchange for $4,500 in U.S. currency.

//
//
//

17. On or about November 30, 2005, defendant BUI arranged for an individual identified as Stephanie Niemann, charged elsewhere, to acquire ecstasy pills from an uncharged co-conspirator.

18. On or about November 30, 2005, at approximately 5:35 p.m., in a telephone conversation, defendant BUI directed Stephanie Niemann, charged elsewhere, to drive to Aladdin Bailbonds on Front Street, San Diego, California, at 8:00 p.m., where a male would bring ecstasy to her.

19. On or about November 30, 2005, at approximately 5:38 p.m., in a telephone conversation, defendant BUI informed an uncharged co-conspirator that Stephanie Niemann, charged elsewhere, would be at his location at 8:00 p.m.

20. On or about November 30, 2005, at approximately 8:00 p.m., an uncharged co-conspirator and Stephanie Niemann, charged elsewhere, walked out of Aladdin Bailbonds and over to a Lincoln Navigator, where the uncharged co-conspirator retrieved ecstasy and handed it to Stephanie Niemann.

21. On or about December 14, 2005, at approximately 8:16 p.m., in a telephone conversation, an uncharged co-conspirator informed defendant BUI that he would bring defendant BUI ecstasy from Northern California by December 22, 2005.

22. On or about January 5, 2006, at approximately 11:00 a.m., in a telephone conversation, the CS and defendant TAN LUAT LE discussed the quality and type of ecstasy pills that defendant LE had available, to include pills marked with "McDonald's" logo.

//

23. On or about January 5, 2006, at approximately 3:00 p.m., at the Vu Cafe, San Diego, California, defendant LE provided the CS with approximately 1,500 ecstasy pills bearing "McDonald's" logo.

24. On or about January 16, 2006, at approximately 6:22 p.m., in a telephone conversation, defendant LINH PHUC NGUYEN complained to defendant BUI that defendant NGUYEN's source of supply was inconsistent and asked defendant BUI to help him out.

25. On or about January 16, 2006, at approximately 6:26 p.m., in a telephone conversation, defendant NGUYEN informed defendant BUI that he needed 1,000 ecstasy pills.

26. On or about January 16, 2006, at approximately 6:26 p.m., in a telephone conversation, defendant BUI informed an ecstasy source of supply that his friend (Linh Phuc NGUYEN) needed 1,000 ecstasy pills.

27. On or about January 16, 2006, at approximately 6:59 p.m., in a telephone conversation, defendant BUI and the CS confirmed a 2,000-pill (ecstasy) transaction for the following day.

28. On or about January 16, 2006, at approximately 7:00 p.m., in a telephone conversation, defendant BUI asked his source of supply if he would take a check for 3,000 ecstasy pills.

29. On or about January 17, 2006, at approximately 11:51 a.m., in a telephone conversation, defendant BUI arranged for his source of supply to deliver ecstasy to him at the "Di Vang 3" Cafe in Westminster, California.

//

30. On or about January 17, 2006, at approximately 12:25 p.m., in a telephone conversation, an ecstasy source of supply informed defendant BUI that he was outside the "Di Vang 3" Cafe to which defendant BUI responded that he would come outside to meet him.

31. On or about January 17, 2006, at approximately 12:42 p.m., in a telephone conversation, defendant BUI provided the CS with directions to the meet location in Westminster, California.

32. On or about January 17, 2006, defendant BUI met the CS in Westminster, California, and provided the CS with a paper bag containing approximately 2,000 green ecstasy pills in exchange for $9,000 in U.S. currency.

33. On or about January 17, 2007, defendant BUI drove to 7339 El Cajon Boulevard, La Mesa, California, and delivered approximately 200 green ecstasy pills to Stephanie Niemann, charged elsewhere.

34. On or about January 27, 2006, in a telephone conversation, defendant DAVID CHARLES BAILEY, aka Dung, asked defendant BUI to provide him with 2,000 ecstasy pills.

35. On or about January 27, 2006, defendant BUI called his ecstasy source of supply, who agreed to supply defendant BUI with approximately 2,000 ecstasy pills.

36. On or about January 27, 2006, defendant BUI called defendant BAILEY and informed defendant BAILEY that he (BUI) would "front" half the money for the ecstasy requested by defendant BAILEY.

//

37. On or about February 8, 2006, in a telephone conversation, defendant BAILEY asked defendant BUI if he had any ecstasy pills to sell.

38. On or about February 10, 2006, defendant BUI called his ecstasy source of supply and asked that person to call him when he had ecstasy pills available.

39. On or about February 11, 2006, defendant BUI received a telephone call from his ecstasy source of supply, who informed defendant BUI that he would pick up 3,000 ecstasy pills from another location and would call when the pills are available.

40. On or about February 11, 2006, defendant BUI received a call from his ecstasy source of supply who informed defendant BUI that he acquired ecstasy.

41. On or about February 11, 2006, in a telephone conversation, defendant BUI informed defendant NGUYEN that defendant BUI's source of supply acquired the ecstasy pills and that defendant BUI would meet defendant NGUYEN later.

42. On or about February 11, 2006, at approximately 2:30 p.m., in a telephone conversation, defendant BAILEY asked defendant BUI to provide him with one thousand ecstasy pills that day and another 1,000 ecstasy pills the following Monday.

43. On or about February 12, 2006, at approximately 2:24 p.m., in a telephone conversation, defendant BAILEY complained to defendant BUI that the pills he received were no good and that the pills from the previous transaction were of better quality.

44. On or about February 12, 2006, at approximately 2:35 p.m., in a telephone conversation, defendant NGUYEN told defendant BUI that the recently obtained ecstasy pills were of poor quality.

45. On or about March 29, 2006, in a telephone conversation, defendant BAILEY spoke with an uncharged co-conspirator who asked defendant BAILEY to meet her the following day at the Giot Dang Cafe and to bring ecstasy pills.

46. On or about March 30, 2006, defendant BAILEY met an ecstasy buyer at the Giot Dang Cafe located in San Diego, California.

47. On or about March 31, 2006, beginning at approximately 3:48 p.m., in successive telephone conversations, defendant BAILEY spoke with two individuals with whom he negotiated to provide ecstasy.

48. On or about April 19, 2006, at approximately 5:47 p.m., in a telephone conversation, defendant BAILEY asked defendant NGUYEN to provide him with thirty ecstasy pills.

49. On or about April 19, 2006, at approximately 6:46 p.m., in a telephone conversation, defendant BAILEY was informed by defendant NGUYEN that he was at the Vu Cafe waiting to purchase ecstasy pills.

50. On or about April 19, 2006, at approximately 8:00 p.m., defendants BAILEY and NGUYEN met in the parking lot of the Vu Cafe, San Diego, California.

51. On or about April 26, 2006, at approximately 2:30 p.m., in a telephone conversation, defendant BAILEY asked defendant NGUYEN to supply him with 1,000 ecstasy pills.

52. On or about April 26, 2006, at approximately 5:50 p.m., in a telephone conversation, defendants NGUYEN and BAILEY agreed to meet at lunch time the following day to consummate the ecstasy transaction.

53. On or about April 26, 2006, at approximately 8:21 p.m., in a telephone conversation, defendant NGUYEN asked defendant LE if he would be able to acquire ecstasy pills from him that evening.

54. On or about April 27, 2006, at approximately 1:00 p.m., defendant NGUYEN met defendant BAILEY at a Supersonic store in San Diego, California.

55. On or about April 27, 2006, at approximately 2:49 p.m., in a telephone conversation, an unidentified female informed defendant BAILEY that she wanted to purchase 500 ecstasy pills and was told by defendant BAILEY that if she could pay up front, he would deliver the pills immediately to her location in Orange County, California.

56. On or about April 27, 2006, at approximately 3:55 p.m., in a telephone conversation, an unidentified female informed defendant BAILEY that she was in front of the Supersonic store.

57. On or about April 27, 2006, at approximately 4:00 p.m., an unidentified black female met with defendant BAILEY in the back of the Supersonic store, at which time defendant BAILEY handed the female an object.

58. On or about May 4, 2006, at approximately 11:17 a.m., in a telephone conversation, defendant NGUYEN asked defendant LE if he could provide him with 2,000 ecstasy pills.

59. On or about May 4, 2006, at approximately 11:24 a.m., in a telephone conversation, defendant LE asked defendant NGUYEN if he wanted the same pills as last time.

60. On or about May 4, 2006, at approximately 11:26 p.m., in a telephone conversation, defendants LE and NGUYEN agreed to meet at the Vu Cafe, San Diego, California, in ten minutes.

61. On or about May 4, 2006, at approximately 12:00 p.m., defendants LE and NGUYEN met at the Vu Cafe.

62. On or about May 18, 2006, at the Vu Cafe, defendant BUI introduced the CS to defendant NGUYEN as a source of supply for ecstasy.

All in violation of Title 21, United States Code, Section 846.

### Count 2

**(Distribution of MDMA)**

**(CHI THIEN BUI and HAI VIET TRINH)**

On or about February 28, 2005, within the Southern District of California, defendants CHI THIEN BUI and HAI VIET TRINH, aka Johnny, did knowingly and intentionally distribute 1,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

//
//
//
//
//
//

<u>Count 3</u>

**(Distribution of MDMA)**

**(CHI THIEN BUI and HAI VIET TRINH)**

On or about March 23, 2005, within the Southern District of California, defendants CHI THIEN BUI and HAI VIET TRINH, aka Johnny, did knowingly and intentionally distribute 600 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Count 4</u>

**(Distribution of MDMA)**

**(CHI THIEN BUI and HAI VIET TRINH)**

On or about April 13, 2005, within the Southern District of California, defendant CHI THIEN BUI and HAI VIET TRINH, aka Johnny, did knowingly and intentionally distribute 1,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

//
//
//
//
//
//
//
//

## Count 5

**(Distribution of MDMA)**

**(CHI THIEN BUI)**

On or about May 23, 2005, within the Southern District of California, defendant CHI THIEN BUI did knowingly and intentionally distribute 2,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 6

**(Distribution of MDMA)**

**(CHI THIEN BUI)**

On or about June 29, 2005, within the Southern District of California, defendant CHI THIEN BUI did knowingly and intentionally distribute 1,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 7

**(Distribution of MDMA)**

**(CHI THIEN BUI)**

On or about September 20, 2005, within the Southern District of California, defendant CHI THIEN BUI did knowingly and intentionally distribute 2,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

//

## Count 8

### (Distribution of MDMA)

### (CHI THIEN BUI)

On or about October 11, 2005, within the Southern District of California, defendant CHI THIEN BUI did knowingly and intentionally distribute 1,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 9

### (Distribution of MDMA)

### (TAN LUAT LE)

On or about January 5, 2006, within the Southern District of California, defendant TAN LUAT LE did knowingly and intentionally distribute 1,500 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 10

### (Distribution of MDMA)

### (CHI THIEN BUI)

On or about January 17, 2006, within the Southern District of California, defendant CHI THIEN BUI did knowingly and intentionally distribute 2,000 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//
//

## Count 11

### (Distribution of MDMA)

### (CHI THIEN BUI and LINH PHUC NGUYEN)

On or about January 17, 2006, within the Southern District of California, defendants CHI THIEN BUI and LINH PHUC NGUYEN did knowingly and intentionally distribute 200 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 12

### (PWID MDMA)

### (DAVID CHARLES BAILEY and LINH PHUC NGUYEN)

On or about April 27, 2006, within the Southern District of California, defendants DAVID CHARLES BAILEY, aka Dung, and LINH PHUC NGUYEN did knowingly and intentionally possess, with intent to distribute, 900 tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

DATED: September 25, 2007.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
MICHAEL F. KAPLAN
Assistant U.S. Attorney

# U.S. District Court
## Southern District of California (San Diego)
### CRIMINAL DOCKET FOR CASE #: 3:07-cr-02658-DMS-2
### Internal Use Only

Case title: USA v. Bui et al

Date Filed: 09/25/2007
Date Terminated: 11/30/2007

Assigned to: Judge Dana M. Sabraw

CR07-0779 CW

**Defendant**

**David Charles Bailey** (2)
*TERMINATED: 11/30/2007*
also known as
Dung (2)
*TERMINATED: 11/30/2007*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

21:841(a)(1) and 846 - Conspiracy to
Distribute Ecstasy
(1)

21:841(a)(1); 18:2 - Possession of
Ecstasy with Intent to Distribute; Aiding
and Abetting
(12)

**Disposition**

Case Transferred to Northern District of
California

Case Transferred to Northern District of
California

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

I hereby attest and certify on 12/3/07
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____Deputy

**Plaintiff**

**USA**  represented by  **U S Attorney CR**
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)557-5917
Email: Efile.dkt.gc2@usdoj.gov
*TERMINATED: 11/06/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States Attorney*

**Michael F Kaplan**
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)557-3445
Email: Michael.Kaplan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2007 | 1 | INDICTMENT as to Chi Thien Bui (1) count(s) 1, 2-8, 10, 11, David Charles Bailey (2) count(s) 1, 12, Linh Phuc Nguyen (3) count(s) 1, 11, 12, Hai Viet Trinh (4) count(s) 1, 2-4, Tan Luat Le (5) count(s) 1, 9. (jcj) Modified on 10/2/2007 to remove "sealed"(jcj). (Entered: 09/26/2007) |
| 09/25/2007 | 3 | (Court only) ARREST WARRANT ISSUED by Judge Anthony J. Battaglia in case as to David Charles Bailey. (jcj) (Entered: 09/26/2007) |
| 09/27/2007 |  | (Court only) Case unsealed as to Chi Thien Bui, David Charles Bailey, Linh Phuc Nguyen, Hai Viet Trinh, Tan Luat Le (jcj) (Entered: 10/01/2007) |
| 11/06/2007 | 29 | NOTICE OF ATTORNEY APPEARANCE Michael F Kaplan appearing for USA. *07cr2658-DMS* (Kaplan, Michael) (jcj). (Entered: 11/06/2007) |

| 11/30/2007 | 34 | Order of Transfer/Return to Northern District of California. Counts closed as to David Charles Bailey (2) Count 1,12. (Attachments: # 1 Transfer Letter) (lao) (Entered: 12/03/2007) |