UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **DAVID C. BAILEY**, <br> Defendant. | Case Nos.  06-cr-00777-DLJ-1  (YGR) <br> 07-cr-00779-DLJ-1  (YGR) <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** |

On September 11, 2014, defendant David C. Bailey filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Dkt. No. 48 in Case No. 06-cr-00777 and Dkt. No. 17 in Case No. 07-cr-00779.)  On February 18, 2015, defendant filed a request for expedited ruling on the foregoing motion.  (Dkt. No. 50 in Case No. 06-cr-00777 and Dkt. No. 19 in Case No. 07-cr-00779.)  The Court has reviewed these filings.

18 U.S.C. § 3582(c)(2) allows for modification of a term of imprisonment where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses).  U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a defendant's sentence may be reduced where the applicable guideline range has been lowered as a result of an amendment.

The Court ordered the preparation of a Sentence Reduction Investigation Report, a copy of which was sent to defendant.  The Court has reviewed the Sentence Reduction Investigation Report and the underlying case file, including the original Presentence Investigation Report.  These materials demonstrate the defendant's offense level was premised upon the Career Offender provisions of USSG § 4B1.1, which provide an offense level floor in the case of a defendant

deemed a "career offender" under that section.  Accordingly, the Court finds that defendant is not eligible for a sentencing reduction pursuant to Amendment 782 as the applicable guideline range in his case would not be decreased by virtue of the amendment.  *See United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (holding a district court did not err in finding it lacked jurisdiction to modify a sentence where the amendment at issue would not have modified the applicable sentencing range).  Therefore, defendant's motion for a sentencing reduction is **DENIED**.

In light of the foregoing, defendant's motion for expedited ruling on his motion to reduce sentence is **DENIED AS MOOT**.

This Order terminates Docket Nos. 48 and 50 in Case No. 06-cr-00777 and Docket Nos. 17 and 19 in Case No. 07-cr-00779.

**IT IS SO ORDERED.**

Dated: March 2, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**